RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

FRANK WALWORTH, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

ELITE HOME REMODELING, INC. and ELI COHEN,

    Defendants.

NO. 5:20-cv-02344-JWH-SHK

**FIRST AMENDED CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff Frank Walworth ("Plaintiff Walworth" or "Walworth") brings this Class Action Complaint and Demand for Jury Trial against Defendants Elite Home Remodeling, Inc. ("Elite Home Remodeling") and Eli Cohen ("Cohen") to stop Defendants from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Walworth, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Frank Walworth is a resident of Ontario, California.

2. Defendant Elite Home Remodeling is a California registered company headquartered in Burbank, California. Defendant Elite Home Remodeling conducts business throughout this District.

3. Defendant Cohen is resident of Tarzana, California. Defendant Cohen is CEO of Elite Home Remodeling.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants are located in this District and the wrongful conduct giving rise to this case was directed from this District, and to Plaintiff who resides in this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in August 2021 alone, at a rate of 130.9 million per day. www.robocallindex.com (last visited Sep. 1, 2021).

14. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

15. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

16. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

17. Elite Home Remodeling is a construction corporation that provides general contracting, home remodeling and related services to consumers in California.[3]

18. Cohen is Elite Home Remodeling's CEO in charge of all aspects of its business.

19. In order to generate business for remodeling projects, at Cohen's direction, Elite Home Remodeling places solicitation calls to purchased leads from companies like ListGiant.

20. Cohen himself determines the parameters for and purchases the leads.

21. The calls are being placed by employees hired and overseen by Cohen using the dialer Cohen had custom developed for Elite Home Remodeling.

22. During the calls, Elite Home Remodeling's employees use a script drafted by Cohen.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] http://www.elitehomeremodelinginc.com/about-us

FIRST AMENDED CLASS ACTION COMPLAINT
-4-

23. The script involves identifying the company under a false name 'American Home Services' in order to mislead consumers that the calls are actually being made by Elite Home Remodeling at Cohen's direction.

24. These calls are also being placed to consumers without their consent, including to consumers that have registered their phone numbers on the National Do Not Call Registry and who have no prior business relationship with Defendants.

25. In fact, Defendants do nothing to scrub the purchased leads' telephone numbers against the National Do Not Call Registry.

26. There are numerous complaints posted online regarding unsolicited telemarketing calls from the Elite Home Remodeling at Cohen's direction using the name American Home Services, including:

- "Lisa with American Home Services - said she had workers on our street and would offer "a 20% discount on any home improvement."  I started laughing and Lisa hung up on me - rude!  Blocked and called the number back, a recorded male voice said 'No routes found.'"[4]
- "Got my first call from this number today, didn't answer, but when my answering machine picked up I heard the "boip" of the call being transferred to a person who then asked for me by name. Typical telemarketer behavior."[5]
- "answered call, there was a delay then a young woman answered. I asked who was calling, she stated American Home Services. I simply stated to her I do not need any services , thank you and then hung up

---

[4] https://800notes.com/Phone.aspx/1-818-914-5179
[5] https://800notes.com/Phone.aspx/1-805-222-5109

FIRST AMENDED CLASS ACTION COMPLAINT
-5-

the phone, I have recived calls from this number at least once a month."[6]

- "American Home Services... Obviously a call center with lots of talking and ringing noise in the background. Male Latino voice that immediately began his speech with requesting the homeowner until I cut him off that I on the don't call list and that this is an illegal call. Very apologetic and vowed to remove my number. Very unusual that he remained on the line until I finished and said goodbye…"[7]

27. Consumers have even complained about unsolicited telemarketing calls from Elite Home Remodeling:

- "This company hires telemarketers to spam call random people. I don't know how they got my number but they gave me a call trying to sell me on getting a remodeling job through them even though I don't own a house."[8]

- "Completely rude, unprofessional and harassing operators. Wouldn't use these people if my life depended on it. I have asked them over 20 time to stop calling me and they refuse to do it…"[9]

28. In response to these calls, Plaintiff Walworth files this lawsuit seeking injunctive relief requiring the Defendants to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

---

[6] *Id.*
[7] https://800notes.com/Phone.aspx/1-757-876-9230
[8] https://www.yelp.com/not_recommended_reviews/elite-home-remodeling-burbank-2
[9] https://www.facebook.com/pg/elitehomeremodel/posts/?ref=page_internal

# PLAINTIFF WALWORTH'S ALLEGATIONS

29. Plaintiff Walworth registered his cell phone number on the National Do Not Call Registry on December 11, 2009.

30. Plaintiff Walworth's cell phone number is not associated with a business and is used for personal use only.

31. On June 9, 2020 at 3:03 PM, Plaintiff Walworth received an unsolicited call to his cell phone from Elite Home Remodeling at Cohen's direction using phone number 714-581-6153.

32. Defendants purchased Plaintiff's lead from ListGiant.

33. The Elite Home Remodeling employee said her name was Kay and that she works for American Home Services in the Valley in Los Angeles.

34. The purpose of the call was to sell remodeling services including roof repair, plumbing and other household services.

36. The employee said his name was Robert and that he works for American Home Services.

37. When Plaintiff asked for the company's address, he was told that it is located at 1210 West Burbank Boulevard in Burbank, California.

38. This address matches the address for Elite Home Remodeling:

[Elite Home Remodeling Inc. website screenshot showing address: 1210 W Burbank Blvd. Unit B, Burbank CA 91506, phone 323-672-7561][11]

39. Plaintiff Walworth looked up the address that Robert provided and saw that it matches Elite Home Remodeling.

40. At 2:37 PM on June 11, Plaintiff called 323-998-8181, the phone number for Elite Home Remodeling.

41. An Elite Home Remodeling employee answered the phone and said her name is Ani Sarkisyan.

42. Plaintiff inquired about Robert, who had called him previously. Sarkisyan said that Robert works in the office with her.

43. Sarkisyan explicitly told Plaintiff that Elite Home Remodeling places calls to consumers using the name American Home Services.

44. Plaintiff never consented to be called by Defendants and did not have a prior business relationship with them.

45. The unauthorized solicitation telephone calls that Plaintiff received from the Defendants, as alleged herein, have harmed Plaintiff Walworth in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and

---

[11] http://www.elitehomeremodelinginc.com/

enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

46. The calls also wasted Plaintiff's time, as, among other things, Plaintiff spent time answering calls.

47. Seeking redress for these injuries, Plaintiff Walworth, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to cellular telephones that are registered on the DNC.

## CLASS ALLEGATIONS

48. Plaintiff Walworth brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Elite Home Remodeling (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Elite Home Remodeling called Plaintiff, and (5) whose number Elite Home Remodeling and Cohen obtained from ListGiant.

49. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated

and/or released. Plaintiff Walworth anticipates the need to amend the Class definitions following appropriate discovery.

50. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

51. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Elite Home Remodeling systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

(b) whether Defendant Elite Home Remodeling's calls to Plaintiff and other consumers were made for telemarketing purposes;

(c) whether Elite Home Remodeling made the calls at Cohen's direction;

(c) whether Defendants' conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

52. **Adequate Representation**: Plaintiff Walworth will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Walworth has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff Walworth and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the

financial resources to do so. Neither Plaintiff Walworth nor his counsel have any interest adverse to the Class.

53.  **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Walworth. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

54.  Plaintiff Walworth repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

55.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period from Elite Home Remodeling at Cohen's direction in violation of 47 C.F.R. § 64.1200, as described above.

59. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

FIRST AMENDED CLASS ACTION COMPLAINT
-12-

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Walworth individually and on behalf of the Class, prays for the following relief:

61. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Walworth as the representative of the Class; and appointing her attorneys as Class Counsel;

62. An award of actual and/or statutory damages and costs;

63. An order declaring that Defendants' actions, as set out above, violate the TCPA;

64. An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

65. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**FRANK WALWORTH**, individually and on behalf of those similarly situated individuals

Dated: September 15, 2021

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar no. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Class*